1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   YOLANDA ARREOLA, individually and
      as executor of the estate of Juan Vega,

11
               Plaintiff,                    No. 2:12-cv-00611 MCE KJN PS

12
         v.

13
     COUNTY OF LASSEN, et al.,

14
               Defendants.                   ORDER

15   _____/

16              On August 23, 2012, the court held a status (pretrial scheduling) conference in

17   this case.[1]  Plaintiff, who is proceeding without counsel and as executor of her brother's estate,

18   appeared and represented herself, but failed to file a status report in advance of the scheduling

19   conference in violation of the court's Local Rule 240(b) and the Order Setting Status

20   Conference.[2]  Plaintiff's nephew, non-attorney Jesse Sainz, also appeared in court to assist

21   plaintiff.[3]  None of the named defendants filed a status report or appeared in the action or at the

22   _____

23        [1] This case proceeds before the undersigned pursuant to Eastern District of California Local
     Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

24
          [2] (See Order Setting Status Conference at 2 (requiring that the parties file status reports no

25   later than seven days prior to the status (pretrial scheduling) conference), Dkt. No. 3.)

26        [3] The court advised Mr. Sainz that a non-attorney cannot represent a party in federal court.

1

1    scheduling conference.

2              On March 9, 2012, plaintiff filed this case, which alleges constitutional violations

3    pursuant to 42 U.S.C. § 1983 arising out of the murder of her brother at High Desert State Prison.

4    Aside from "John Doe" defendants, plaintiff named the following nine defendants in her

5    complaint: the County of Lassen; High Desert State Prison; the California Department of

6    Corrections and Rehabilitation; the State of California; Warden Mike McDonald; correctional

7    officer "C. Gripp"; correctional officer "B. Fleming"; correctional officer "P. Fackrell"; and

8    inmate Ricardo Garcia.  As stated above, none of these defendants has appeared in the action,

9    and nothing on the court's docket suggests that plaintiff effectuated service of the summons and

10   complaint on any of the defendants.  At the hearing, plaintiff confirmed that she had not yet

11   attempted to serve defendants with process.

12             Plaintiff's complaint is subject to dismissal without prejudice pursuant to Federal

13   Rule of Civil Procedure 4(m), which provides:

14             **(m) Time Limit for Service.**  If a defendant is not served within 120 days
               after the complaint is filed, the court--on motion or on its own after notice
15             to the plaintiff--must dismiss the action without prejudice against that
               defendant or order that service be made within a specified time.  But if the
16             plaintiff shows good cause for the failure, the court must extend the time
               for service for an appropriate period.

17

18   More than 120 days has passed since plaintiff filed her complaint, and plaintiff has not yet served

19   any defendant.

20             In terms of good cause for failing to serve the defendants, plaintiff explained at

21   the hearing that although she has not yet attempted to serve defendants with process, she has

22   been diligently attempting to retain counsel without success to date.  Plaintiff's case cannot be

23   endlessly delayed in the hopes that plaintiff can retain counsel.  However, on the basis of

24   plaintiff's representations to the court, and her status as a pro se party, the court grants plaintiff

25   an additional 30 days to serve defendants with process.

26   ////

                                              2

Accordingly, IT IS HEREBY ORDERED that:

1.     Plaintiff shall have 30 additional days from the date of this order within which to serve defendants with the appropriate process consistent with Federal Rule of Civil Procedure 4.  If plaintiff retains counsel within the next 30 days and her counsel requires additional time to serve process, that counsel may appear in the case within those 30 days and file a request for additional time to serve pursuant to Federal Rule of Civil Procedure 4(m).

2.     If plaintiff has served the defendants or an attorney has appeared on her behalf, a follow-up status conference is set in this case for October 25, 2012, at 10:00 a.m., in Courtroom 25.  No later than seven days prior to the status conference, the parties who have appeared in the action shall file status reports, or a joint status report if possible, consistent with the Order Setting Status Conference.

IT IS SO ORDERED.

DATED:  August 23, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3