1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   YOLANDA ARREOLA,

11          Plaintiff,                    No. 2:12-cv-0611 MCE KJN PS

12      v.

13   COUNTY OF LASSEN, et al.

14
         Defendants.           ORDER
15   _____/

16          On October 9, 2012, defendants High Desert State Prison; California Department

17   of Corrections and Rehabilitation; State of California; Mike McDonald; C. Gripp; B. Fleming;

18   and P. Fackrell (the "California State Defendants") filed a motion to dismiss pursuant to Federal

19   Rule of Civil Procedure 12(b)(6), noticed for hearing on November 29, 2012.  (Dkt. No. 10.)[1]

20   That same day, defendant County of Lassen also filed a motion to dismiss pursuant to Federal

21   Rule of Civil Procedure 12(b)(6), noticed for hearing on November 15, 2012.  (Dkt. No. 11.)  On

22   the court's own motion, by a minute order issued October 9, 2012, the hearing on the California

23   State Defendants' motion to dismiss was advanced to November 15, 2012 so that the motions

24   could be heard together.  (Dkt. No. 12.)

25

26          [1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28
     U.S.C. § 636(b)(1).

1

1    Pursuant to this court's Local Rules, plaintiff was obligated to file and serve a

2   written opposition or statement of non-opposition to the pending motions at least fourteen (14)

3   days prior to the hearing date, or November 1, 2012.  See E.D. Cal. L.R. 230(c).[2]  The court's

4   docket reveals that plaintiff, who is proceeding without counsel, failed to file a written opposition

5   or statement of non-opposition with respect to the motions to dismiss.

6    Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to

7   comply with these Rules or with any order of the Court may be grounds for imposition by the

8   Court of any and all sanctions authorized by statute or Rule or within the inherent power of the

9   Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

10       Any individual representing himself or herself without an attorney
         is bound by the Federal Rules of Civil or Criminal Procedure, these
11       Rules, and all other applicable law.  All obligations placed on
         "counsel" by these Rules apply to individuals appearing in propria
12       persona.  Failure to comply therewith may be ground for dismissal,
         judgment by default, or any other sanction appropriate under these
13       Rules.

14   See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

15   same rules of procedure that govern other litigants") (overruled on other grounds).  Case law is in

16   accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's*

17   *case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his

18   or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the

19   ////

20   ////

21   ─────────────────────

     [2]  More specifically, Eastern District Local Rule 230(c) provides:
22

23       **(c) Opposition and Non-Opposition.**  Opposition, if any, to the granting
         of the motion shall be in writing and shall be filed and served not less than
24       fourteen (14) days preceding the noticed (or continued) hearing date.  A
         responding party who has no opposition to the granting of the motion shall
25       serve and file a statement to that effect, specifically designating the motion
         in question.  No party will be entitled to be heard in opposition to a motion
26       at oral arguments if opposition to the motion has not been timely filed by
         that party. . . .

1  court's local rules.[3]  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a

2  court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation

3  Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss

4  an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to

5  prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46

6  F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a

7  proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)

8  ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for

9  failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782

10  F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to

11  control their dockets and may impose sanctions including dismissal or default).

12       In light of the foregoing, IT IS HEREBY ORDERED that:

13       1.    The hearing on the County of Lassen and the California State Defendants'

14  motions to dismiss (Dkt. Nos. 10, 11), which is presently set for November 15, 2012, is

15  CONTINUED until December 13, 2012, at 10:00 a.m.

16       2.    Plaintiff shall file a written opposition to the motions to dismiss, or a

17  statement of non-opposition thereto, on or before November 29, 2012.  *Plaintiff's failure to file a*

18  *written opposition will be deemed a statement of non-opposition to the pending motions and*

19  *consent to the granting of the motions to dismiss, and shall constitute an additional ground for*

20  *the imposition of appropriate sanctions, including a recommendation that plaintiff's case be*

21  *involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).*

22  *////*

23  *////*

---

25  [3]  The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss.  See, e.g., Trice v.

26  Clark County Sch. Dist., 376 Fed. Appx. 789, 790 (9th Cir. 2010) (unpublished).

3.      Defendants may file any written reply to plaintiff's opposition on or before

December 6, 2012.

IT IS SO ORDERED.

DATED:  November 5, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE